David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*David Olesczuk*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID OLESCZUK,

               Plaintiff,

   v.

TOYOTA MOTOR CREDIT
CORPORATION,

               Defendants.

: Civil Action No.:
:
:
: **COMPLAINT FOR DAMAGES**
: **PURSUANT TO THE FAIR**
: **CREDIT REPORTING ACT, 15**
: **U.S.C. § 1681, ET SEQ.**
:
: **JURY TRIAL DEMANDED**
:
:
:

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. David Olesczuk ("Plaintiff"), by Plaintiff's attorneys, brings this action against TOYOTA MOTOR CREDIT CORPORATION ("Toyota" or "Defendant") for violations of the FCRA, as set forth below.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

**PARTIES**

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Toyota is a corporation doing business in the State of Nevada.

8. Toyota is a "user" as that term is intended under the FCRA. Anyone receiving a consumer report and applying it to a consumer is a user and must comply with the FCRA whether the user obtains or uses the report directly or indirectly. *Ross v. Res-Care, Inc., 2012 WL 3096093* (W.D. Ken. July 30, 2012).

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## **Toyota Impermissibly Pulled Plaintiff's Credit Information**

10. Plaintiff is informed and believes, and thereon alleges, that Toyota acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

11. Upon review of Plaintiff's Equifax credit report dated August 11, 2020, as seen below, Plaintiff discovered that Toyota submitted unauthorized credit report inquiries to Equifax at a time Plaintiff had no account relationship with, and was not seeking an extension of credit from, Toyota.

# Inquiries

Report Date: Aug 11, 2020

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit scores and those that do not.

## Hard Inquiries

Inquiries that may impact your credit scores. These are inquiries made by companies with whom you have applied for a loan or credit. They may remain on your file up to 2 years.

| DATE | COMPANY | ADDRESS | REQUEST ORIGINATOR |
|------|---------|---------|--------------------|
| Aug 04, 2020 | TOYOTA MOTOR CREDIT | TOYOTA MOTOR CREDIT, 777 E CAMPBELL #200, RICHARDSON, TX 750811859 | |

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

12. Additionally, as seen below, Toyota submitted unauthorized credit report inquiries to Experian at a time Plaintiff had no account relationship with, and was not seeking an extension of credit from, Toyota.

**You Have 3 New Inquiries**

3 new inquiries were added to your report in the last 60 days, which indicates that you recently applied for credit.

| | | |
|---|---|---|
| DEFI/TMCC/MAZDA FIN SV | Inquiry Date: 8/04/2020 | Phone #: (469) 292-4000 |

13. However, 15 U.S.C. § 1681b delineates the *only* permissible uses of, or access to, consumer reports.

14. Toyota had no permissible use of or access to Plaintiff's consumer reports.

15. Toyota's inquiry of Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

16. Plaintiff had no account or business transaction with Toyota at the time Toyota requested Plaintiff's credit information.

17. Because Plaintiff had no account relationship with Toyota, Toyota had no legitimate business need for the information.

18. Toyota accessed Plaintiff's credit report without consent or knowledge of Plaintiff.

19. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information.  The harm may be intangible, but is it is very real and concrete.

20. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of Plaintiff's information.

21. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

22. Toyota never notified Plaintiff of the illegal and impermissible access.

23. Toyota obtained Plaintiff's credit report and/or credit information under false pretenses by falsely representing that the purpose of such access was for collection or account review notwithstanding that the account no longer existed.

24. Toyota willfully and negligently violated the Fair Credit Reporting Act through its above conduct.

25. Specifically, Toyota violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

26. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information.  The harm may be intangible, but it is very real and concrete.

29. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of a consumer's information.

30. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

31. Toyota's actions were willful under 15 U.S.C. §§ 1681n because Toyota was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports.  *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md.

Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

32. Plaintiff suffered an invasion of a legally protected interest when Toyota accessed Plaintiff's highly confidential personal information on Plaintiff's credit report at a time when Toyota had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

33. Plaintiff has a common law right to keep personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

34. Plaintiff was affected personally because when Plaintiff's realized the behavior of Toyota described above (pulling Plaintiff's credit report without any authorization), Plaintiff felt his privacy was invaded and that Plaintiff's

personal and private information was disclosed to Toyota, which had no right to Plaintiff's private information.

35. The injury suffered by Plaintiff is concrete because Toyota's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer an invasion of privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

36. Further, Toyota increased the risk that Plaintiff will be injured if there is a data breach on Toyota's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer systems. Data breaches are increasingly common (see, e.g., Data Breaches, Krebs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Toyota are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Data Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

37. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

///

///

///

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

### TRIAL BY JURY

38. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 18, 2020

Respectfully submitted,

By     /s/ David Krieger, Esq.
            David Krieger, Esq.
            Nevada Bar No. 9086
            Shawn Miller, Esq.
            Nevada Bar No. 7825
            KRIEGER LAW GROUP, LLC
            2850 W. Horizon Ridge Parkway
            Suite 200
            Henderson, Nevada 89052
            Phone: (702) 848-3855
            Email: dkrieger@kriegerlawgroup.com
            Email: smiller@kriegerlawgroup.com

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052